Nancy C. MORRIS, Plaintiff,

v.

WASTE MANAGEMENT OF VIRGI-
NIA, INC., d/b/a Waste Management
of Hampton Roads, Defendant.

No. 2:99cv385.

United States District Court,
E.D. Virginia,
Norfolk Division.

May 19, 2000.

Scott M. Reed, Preston & Reed, P.L.C.,
Virginia Beach, VA, for Plaintiff.

Lawrence P. Postol, Seyfarth, Shaw,
Fairweather & Geraldson, Washington,
DC, for Defendant.

*FINDINGS, OPINION & ORDER*

PRINCE, United States Magistrate
Judge.

This matter was heard on May 8, 2000,
on Defendant's Motion to Enforce Settle-
ment (Docket # 21), which was filed on
April 10. At the hearing, each counsel
made factual statements, which were mate-
rially consistent, and they invited the
Court to make findings based thereon.
Plaintiff, herself, testified briefly. Her
testimony was not totally consistent with
her counsel's statement. Lawrence P.
Postol, Esq., represented defendant; Scott
M. Reed, Esq., represented plaintiff.

In her complaint, plaintiff alleged in two
counts a violation of 42 U.S.C. §§ 2000e–
2(a), (d), (h) and (m) and 2000e–16 (Title
VII), and a violation of 29 U.S.C. § 623
(ADEA), against defendant, her former
employer. Initially, the case was set for
trial on November 8, 1999. On August 31,
1999, an Order was entered vacating the
trial date and staying further proceedings
except for a pending motion to dismiss.
On November 12, an Opinion and Order
was filed denying the motion to dismiss
and certifying "this interlocutory decision
as appealable under 28 U.S.C. § 1292(b)."
Further proceedings were stayed pending
action by the United States Court of Ap-
peals for the Fourth Circuit. The Court of
Appeals denied defendant's petition to take
an interlocutory appeal. The denial was
filed in this Court on December 21.

Thereafter, the case was set for trial on June 12, 2000.[1]

### Undisputed Facts

On Tuesday, March 7, 2000, defendant's counsel, Mr. Postol, made an oral offer to plaintiff's counsel, Mr. Reed, to settle the case. By letter of March 9 "Via Facsimile (757)499–4642," from Mr. Postol to Mr. Reed, the former confirmed defendant's offer of settlement for $5,000, under familiar conditions, including plaintiff's execution of defendant's "standard general release." It was stated that the offer would expire at 5 p.m. that day. Mr. Reed, with the authority of his client, accepted the offer on March 10.[2] With minor changes, the general release approved by Mr. Reed was sent to him by Federal Express on March 10. The settlement check was sent to Mr. Reed by Federal Express on March 21.

Mr. Reed advised his client to come to his office at a time specified to execute the release, but she failed to do so. Several other appointments were made but not kept. A final appointment was made for April 6, after plaintiff agreed that she would accept the settlement, but she did not appear. At that time, Mr. Reed advised Mr. Postol that his client refused to accept the offer.

### Plaintiff's Testimony

Plaintiff testified that she authorized Mr. Reed to accept the offer to settle the case, but changed her mind after the acceptance was made. She stated that on March 10, after first authorizing the settlement, she called Mr. Reed's office and spoke to either Mr. Reed or his secretary. She could not recall to whom she spoke, but she stated that she advised that she had changed her mind. She admitted that other times were set for executing the release and each time she did not attend. She stated that finally she agreed to go to Mr. Reed's office on April 6 to execute the settlement documents, but again changed her mind.[3]

### Discussion

In opposition to enforcing the settlement, plaintiff first relies upon the statutory requirement that an individual may not waive any right or claim under the ADEA unless the waiver is knowing and voluntary. More specifically, 29 U.S.C. § 626(f)(2) and (B), provide as follows:

> A waiver in settlement of ... an action filed in court by the individual ... alleging age discrimination ... may not be considered knowing and voluntary unless at a minimum ... the individual is given a reasonable period of time within which to consider the settlement agreement.

■■■ The Court finds that as of about April 6, 2000, about twenty-seven days after she first agreed to the settlement, plaintiff affirmed her original agreement to settle the claim when she agreed to execute the settlement agreement on that day, and that this was a reasonable time within which to consider it. Thereafter it was an unreasonable act to again reject the settlement. There is nothing in the ADEA giving a plaintiff a right to revoke a settlement once it has been agreed to after a reasonable period of time for its consideration.

■■ Plaintiff's second ground for opposing the agreement is based upon the provisions of the General Release and Set-

---

1. Although the parties had consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c), on May 11, 1999, the motion to dismiss was decided and the interlocutory appeal was certified by a district judge. Thereafter, the present motion was assigned pursuant to the earlier consent.

2. There was agreement that this was a timely acceptance.

3. Mr. Reed stated to the Court that he never had been told by his client that she wished to revoke the settlement agreement. He said she just repeatedly failed to come to his office to execute the written agreement.

tlement Agreement, which she never executed. Paragraph 9 of that document provides as follows:

Morris understands that she has seven (7) days following her signing of this Agreement to revoke the Agreement. The Agreement is not effective nor enforceable until the revocation period of seven (7) days has expired. Morris can revoke the Agreement within the seven (7) days by faxing a notice of revocation … and sending a confirming notice by certified mail to [defendant's attorney.]

Plaintiff argues that the agreement to settle was unenforceable until she signed it, and thereafter until a period of seven days passed without her revocation. The Court finds that it was not the intention of the parties when the settlement was agreed upon that plaintiff could hold it in limbo for an indefinite period of time. When the offer of settlement was made, it included a deadline after which it would be withdrawn, although defendant knew that there was a statutorily created reasonable period of time after acceptance that plaintiff could revoke her acceptance as not knowing and voluntary. Before the deadline, the offer was accepted. A reasonable period of time elapsed thereafter during which plaintiff's acceptance was knowing and voluntary, because as late as April 6 when she did not appear to sign the settlement agreement, she was in agreement to do so. Once the statutory waiting period had passed, plaintiff had no right to both revoke the agreement and rely upon its provisions to delay its consummation. The standard general release which plaintiff agreed to sign when the offer to settle was accepted was for the benefit of defendant, and defendant can waive its execution as it did through Mr. Postol at the time of the arguments on the motion to enforce.

Accordingly, defendant's motion to enforce the settlement is granted.

### ORDER

It is ORDERED that this case is SETTLED, that the claims of plaintiff alleged in the Complaint are RELEASED, and that the case be DISMISSED.

The Clerk is requested to mail a copy of this Order to all counsel of record.