**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 00-1750**

---

NANCY C. MORRIS,

Plaintiff - Appellant,

versus

WASTE MANAGEMENT OF VIRGINIA, INCORPORATED,
d/b/a Waste Management of Hampton Roads,

Defendant - Appellee.

---

Appeal from the United States District Court for the Eastern Dis-
trict of Virginia, at Norfolk. William T. Prince, Magistrate Judge.
(CA-99-385-2)

---

Submitted:  December 29, 2000      Decided:  January 17, 2001

---

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Scott Meadows Reed, PRESTON & REED, P.L.C., Virginia Beach, Virgin-
ia, for Appellant.  Lawrence P. Postol, SEYFARTH SHAW, Washington,
D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Nancy C. Morris filed suit against her former employer, Waste Management of Virginia, Inc., d/b/a Waste Management of Hampton Roads ("Employer"), alleging sexual discrimination, in violation of Title VII of the Civil Rights Act of 1964, and age discrimination, in violation of the Age Discrimination in Employment Act ("ADEA"). She now appeals the magistrate judge's order enforcing a settlement agreement, releasing her discrimination claims, and dismissing the action.[1]

On appeal, Morris argues that the magistrate judge erred in finding that Morris knowingly and voluntarily waived and released her age discrimination claim and that the magistrate judge improperly concluded that an enforceable settlement agreement existed between the parties. We have reviewed the magistrate's opinion and the submitted materials in light of Morris' claims, and find no reversible error.[2] Accordingly, we affirm on the reasoning of the magistrate judge. Morris v. Waste Mgmt. of Virginia, No. CA-99-

---

[1] This case was decided by a magistrate judge upon consent of the parties under 28 U.S.C.A. § 636(c)(1) (West 1993 & Supp. 2000).

[2] We note that Morris did not present her argument that the "General Release and Settlement Agreement" proposed by Employer violates the prohibition against the waiver of future claims contained in 29 U.S.C.A. § 626(f)(1)(C) (West 2000) to the district court. We therefore do not address this argument on appeal. Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993).

385-2 (E.D. Va. May 22, 2000).[3]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[3] Although the magistrate judge's order is marked as filed on May 19, 2000, the district court's records show that it was entered on the docket sheet on May 22, 2000.  Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the order was entered on the docket sheet that we take as the effective date of the district court's decision.  See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).